UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LABORATORY PHYSICIANS, P.A.,

        Plaintiff,

v.                                           CASE NO: 8:08-cv-1726-T-26EAJ

AVMED, INC. d/b/a AVMED
HEALTH PLANS,

        Defendant.
_____/

**O R D E R**

This cause comes before the Court on Defendant's Motion for Judgment on the Pleadings (Dkt. 30) and Plaintiff's Memorandum in Opposition (Dkt. 35), which is accompanied by an appendix of exhibits (Dkt. 36).

Plaintiff, a hospital-based group of pathologists, brings this action to recover for services rendered to Defendant's members who are covered under employer-provided group health insurance policies identified as "Member Plans" in the Complaint. Defendant AvMed, Inc. d/b/a AvMed Health Plans is a Florida not-for-profit corporation and is licensed as a health maintenance organization. Plaintiff contends that Defendant underpaid or "failed to pay for the services" that Plaintiff provided to Defendant's members, although Plaintiff admits that it does not have a contract with Defendant for payment. (Dkt. 23, ¶¶ 9, 37-39.)

Plaintiff originally asserted three state law claims: (1) breach of implied contract in fact (*quantum meruit*); (2) unjust enrichment; and (3) a third-party beneficiary claim. (Dkt. 2.) Plaintiff filed its lawsuit in state court and the action was then removed to this Court because at least one of the claims was preempted by the Employee Retirement Income Security Act of 1974

("ERISA"). (Dkt. 1.) Plaintiff sought remand, but the Court, in its Order dated October 17, 2008, determined that "Plaintiff's claims are completely preempted by ERISA.") (See Remand Order, Dkt. 22, p. 6.) Plaintiff then amended the Complaint, not to assert an ERISA claim, but to re-plead four state law claims: (1) quantum meruit; (2) unjust enrichment; (3) violation of a state statute; and (4) declaratory judgment pursuant to Section 641.513(5), Florida Statutes. (Dkt. 23.)

The pleadings in this case are now closed and the time to amend the pleadings expired on May 11, 2009. (Dkt. 28, ¶ 1.) The Eleventh Circuit Court of Appeals has held that "judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002). The Amended Complaint demonstrates Plaintiff's efforts to avoid ERISA and the Court's Remand Order. Defendant is clearly entitled to judgment as a matter of law.

The Eleventh Circuit Court of Appeals has specifically held that ERISA preemption is not a gateway but a barrier to state law causes of action by employee benefit plan beneficiaries, the effect of which is to completely displace state law claims and leave plaintiffs only the causes of action expressly provided for in the ERISA civil enforcement provisions. Amos v. Blue Cross-Blue Shield of Alabama, 868 F.2d 430, 431-32 (11th Cir. 1989). At least two other Courts of Appeals have reached the same result in finding that the defendants were entitled to a judgment on the pleadings. See Cleghorn v. Blue Shield of California, 408 F.3d 1222 (9th Cir. 2005) (affirming order dismissing complaint after plaintiff declined to amend to allege an ERISA claim); Quality Infusion Care, Inc. v. Humana Health Plan of Texas, Inc., 290 Fed. Appx. 671 (5th Cir. 2008) (holding the same). Plaintiff's Complaint is ultimately no different from the

complaints in the aforementioned line of cases. As in those cases, Plaintiff's state law claims were properly removed to federal court and Plaintiff has refused to assert a claim recognized by ERISA. Nevertheless, the Court deems it appropriate to allow Plaintiff one more opportunity to amend the complaint to cure the defect before entering judgment in Defendant's favor.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

Defendant's Motion for Judgment on the Pleadings (Dkt. 30) is granted. Plaintiff shall file a Second Amended Complaint within ten (10) days of this Order. Defendant shall file its response to the Second Amended Complaint within ten (10) days after it is filed. In the event Plaintiff declines to file an amended complaint, this case will stand dismissed with prejudice.

**DONE AND ORDERED** at Tampa, Florida, on August 10, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record